**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Levon HILLS, Defendant–Appellant.**

No. 09–14087
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 30, 2010.

---

* Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

Terry Flynn, E. Bryan Wilson, U.S. Attorney's Office, Tallahassee, FL, for Plaintiff–Appellee.

Michael Levon Hills, Coleman, FL, pro se.

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Levon Hills, a federal prisoner convicted of a crack cocaine offense, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). While Hills does not dispute that his original sentence was based on the application of a statutory mandatory-minimum term, he argues that his mandatory-minimum sentence is invalid because *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), rejected any mandatory regime, including mandatory-minimum sentences. After review of the record and the parties' briefs, we affirm the district court's denial of Hills's § 3582(c)(2) motion.

In reviewing the district court's denial of a § 3582(c)(2) motion, we review the district court's legal conclusions *de novo*. *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir.2003). A district court may modify a sentence "in the case of a defendant who has been sentenced ... *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2) (emphasis added). In such a case, the court may reduce the defendant's sentence after considering applicable § 3553(a) factors, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction is not consistent with applicable policy statements and is not authorized if the retroactive amendment does not have the "effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which applies retroactively, amends the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir.2008), *cert. denied, McFadden v. United States*, —— U.S. ——, 129 S.Ct. 965, 173 L.Ed.2d 156, *and cert. denied*, —— U.S. ——, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009). However, a defendant who was originally sentenced based on a statutory minimum is not eligible for relief under Amendment 706. *See United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir.2008) (per curiam). Furthermore, this Court has held that *Booker* and *Kimbrough* are not applicable to § 3582(c)(2) proceedings. *United States v. Melvin*, 556 F.3d 1190, 1192–93 (11th Cir. 2009) (per curiam), *cert. denied*, —— U.S. ——, 129 S.Ct. 2382, 173 L.Ed.2d 1300 (2009).

We have also recognized that proceedings under § 3582(c)(2) do not constitute *de novo* resentencings. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam) (citation omitted). Therefore, § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir.2000).

As such, we cannot review Hills's arguments concerning the constitutionality of mandatory-minimum sentencing, or the court's imposition of a ten-year mandatory-minimum sentence rather than a five-year sentence.

Because Hills was originally sentenced based on a statutory mandatory minimum that was not affected by Amendment 706, the district court lacked authority to grant his § 3582(c)(2) motion. Accordingly, we affirm.

**AFFIRMED.**